**UNITED STATES of America,**
**Appellee,**

v.

**Stephen John THOMAS, Appellant.**

**No. 25211.**

United States Court of Appeals,
Ninth Circuit.

May 11, 1971.

Stanley J. Friedman, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., Paul G. Sloan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and WRIGHT, Circuit Judges.

PER CURIAM:

Stephen John Thomas appeals from his conviction for refusal to submit to induction into the Armed Forces in violation of 50 U.S.C.App. § 462.

Defendant argues that his Selective Service Board proceeded improperly with regard to his request for an occupational deferment, and his claim for status as a conscientious objector. The latter argument is foreclosed by the recent decision in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

Concerning defendant's occupational deferment argument, the essential facts are as follows: Thomas registered with his local board on August 27, 1962. As an undergraduate student at the University of California at Berkeley, he received a series of student deferments. On June 3, 1966, the local board received advice that defendant had withdrawn from college. The board accordingly reclassified defendant I–A on June 14, 1966, and so notified him.

On June 22, 1966, defendant wrote to his local board, requesting that his induction be deferred until October 1, 1966, because he was then employed as house manager of a student dormitory serving one hundred and fifty-five residents and seventy-three additional boarders, and his replacement would not arrive until the indicated date. Thomas further stated that if this "appeal" were granted he wished to volunteer "for the draft at your earliest convenience after that date. * * * " This communication, entitled "Classification Appeal," was received by his board on June 24, 1966.

On June 29, 1966, the board advised Thomas that his request for deferment would be considered at the next meeting of the board on July 12, 1966. On the latter date the board voted to adhere to the I–A classification and to forward the file to the appeal board. The local board sent the file to the appeal board on July 13, 1966, but did not advise Thomas of the action taken and did not send him a new notice of classification. On July 21, the appeal board considered the file and classified Thomas I–A. On July 27, 1966, the local board advised defendant that his appeal had been rejected by sending him a new notice of a I–A classification.

Defendant argues that the failure of the local board to reopen his classification on July 12, 1966, and its failure to then advise him of its denial of his request for an occupational deferment was improper and rendered the induction order invalid. The nub of this argument is that, although defendant's letter of June 22, 1966, is captioned "Classification Appeal," the substance of the letter indicates that it was also a request to the local board to reclassify him II–A (occupational deferment) pursuant to 32 C.F.R. §§ 1622.22, 1622.23(a). Defendant reasons that if the local board's action of July 24 was a reopening it proceeded improperly because it failed to give him notice and an opportunity to request a personal appearance; and if it was a denial of a reopening, the denial was unlawful as defendant presented a prima facie case for the deferment.

Accepting Thomas' argument that the local board should have, and did, treat his June 22, 1966, letter as a request for a reopening and reclassification, the material which he submitted to the local board did not present facts which "if true, would justify a change in the registrant's classification," as required for a reopening. 32 C.F.R. § 1625.2(a). Thomas' request and the supporting letter from his employer did not allege facts presenting a prima facie case for an occupational deferment. 32 C.F.R. §§ 1622.22(a), 1622.23(a). See Petrie v. United States, 407 F.2d 267, 275–276 (9th Cir. 1969).

A denial of reopening was therefore proper and no appeal is available from such a denial. Thomas was entitled to notice of the denial from his local board, 32 C.F.R. § 1625.4. However, his only right following such notice was to resubmit his claim to the local board with additional information, if he had any available. Thomas had that same right when the notice of denial was sent by the appeal board. There was no prejudice to defendant from whatever procedural irregularity occurred by way of the delay in notification.

Affirmed.